IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOSHUA ADAM KEEN,                )
                                 )
        Plaintiff,               )        Civil Action No. 7:20cv00608
                                 )
v.                               )        **MEMORANDUM OPINION**
                                 )
STEVE CLEAR, *et al.,*           )        By:    Hon. Thomas T. Cullen
                                 )               United States District Judge
        Defendants.              )

_____

Plaintiff Joshua Adam Keen, a Virginia inmate proceeding *pro se,* filed this civil action pursuant to 42 U.S.C. § 1983, against Steve Clear, "Mediko Doctor? [and] nurses (Haysi)," Patricia McCoy, Maj. Billiter, Edward Kelley, Officer Whited, Corp. Stepp, and the Southwest Virginia Regional Jail Authority. Keen seeks leave to proceed *in forma pauperis* with this action. Having reviewed Keen's amended complaint, the court grants his request to proceed *in forma pauperis* but concludes that Keen fails to state a cognizable federal claim against any of the named defendants. Therefore, the court will dismiss Keen's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Keen alleges numerous constitutional violations in his complaint: that he was "intentionally exposed" to an allergy; that staff threw away his "requests"; that he has no access to commissary or the law library; that he is subjected to "unsafe" living conditions;  and that he has received inadequate medical treatment for his back and hand. As relief, Keen seeks $100,000, adequate medical treatment, and "for someone to explain to the judge why [his] case lacks (legal) rel[ie]f for damages for pain and suffering [and] cruel and unusual punishment."

Attached to his complaint, Keen submitted a letter to an unnamed recipient, dated three months before his complaint was filed. In the letter, Keen states that he has no access to commissary, a law library, or mental health treatment; that he is housed in isolation; that he has been retaliated against; that he was charged with escape; that he was exposed to one of his allergies; that when his knuckles were "busted" during his arrest in Florida a judge ordered medical staff to address the issue, but staff transferred him to Virginia without administering medical treatment; that he has had one x-ray on his hand and received Tylenol since arriving in Virginia; that he was diagnosed with bone spurs on his back, but has received no treatment for them; and that he believes he is allergic to water.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42 (1988). The Eighth Amendment protects prisoners from cruel and unusual living conditions. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency, and that prison officials were deliberately indifferent to those conditions. *Wilson v. Seiter*, 501 U.S. 294 (1991). To state a cognizable Eighth Amendment claim for denial of medical care, a plaintiff must allege facts sufficient to demonstrate that an official was deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Conner v. Donnelly*, 42 F.3d 220, 222 (4th Cir. 1994); *Staples v. Va. Dep't of Corr.*, 904 F. Supp. 487, 492 (E.D. Va. 1995). Finally, inmates have a constitutional right to reasonable access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 351-53 (1996); *Bounds v. Smith*, 430 U.S. 817, 838

(1977); *Ex parte Hull*, 312 U.S. 546 (1941), the right of access to the court, however, "is ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Thus, in order to state a constitutional claim of denial of access to the courts, a plaintiff must allege specific injury resulting from the alleged denial. *See Lewis*, 518 U.S. at 349 (noting that an inmate alleging denial of access to the courts must be able to demonstrate "actual injury" caused by the policy or procedure in effect at the place of incarceration in that his non-frivolous legal claim had been frustrated or was being impeded); *Michau v. Charleston Co.*, 434 F.3d 725, 728 (4th Cir. 2006) (finding *sua sponte* dismissal appropriate where the plaintiff did not explain how he was injured by any limitations on his access to a law library).

Confinement in segregation in and of itself does not amount to cruel and unusual punishment, even if for a prolonged period. *Bridges v. Bass*, No. 2:12cv538, 2015 U.S. Dist. LEXIS 177247, at *7 (E.D. Va. Mar. 24, 2015) (citing *Sweet v. S.C. Dept. of Corr.*, 529 F.2d 854, 861-62 (4th Cir. 1975)). Although being housed in isolation can, under certain circumstances, amount to a constitutional violation, Keen has not alleged any facts beyond his a assertion of confinement "in the hole," which, by itself, is insufficient to state a claim.[1] Likewise, Keen has failed to allege that any named defendant was aware of—let alone deliberately indifferent to— a serious medical need, and therefore has failed to state a claim. Finally, although Keen alleges he has not been allowed access to the law library, he has failed to allege any injury accompanying this denial of access, and thus his pleading is insufficient to state a claim.

---

[1] Keen also alleges that he is subject to "unsafe living conditions" (Am. Compl. ¶ E), but does not identify what is unsafe about his confinement.

Despite being given the opportunity to amend his complaint, Keen has not alleged sufficient facts for the court to determine that any of the named defendants were deliberately indifferent to his living conditions or to any serious medical need, or that they denied him access to courts. In fact, Keen fails to allege any fact against any of the named defendants. Accordingly, the court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**ENTERED** this 30th day of November, 2020.


   */s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE